UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Dr. William Kyros, M.D. | : | |
|     *Plaintiff* | : | |
| | : | |
| v. | : | C.A. NO.: 1:24-cv-00074 |
| | : | |
| STATE OF RHODE ISLAND, by and through its Treasurer, James A. Diossa in his official capacity; RHODE ISLAND DEPARTMENT OF HEALTH, by and through its Interim Director Utpala Bandy, MD, MPH, in her official capacity; DAVID R. GIFFORD, M.D., MPH, individually and in his capacity as the former Director of Health of the Rhode Island Department of Health, ROBERT S. CRAUSMAN, M.D., individually and in his official capacity as the former Chief Administrative Officer of the Rhode Island Board of Medical Licensure and Discipline; JAMES V. MCDONALD, MD, MPH, individually and in his official capacity as Medical Director and as the Chief Administrative Officer of the Board of Medical Licensure and Discipline; NICOLE ALEXANDER-SCOTT, MD, MPH, individually and in her official capacity as the former, Director of Health of the Rhode Island Department of Health, | : | |
|     *Defendants.* | : | |

### STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT

**NOW COME**, the Defendants, STATE OF RHODE ISLAND, by and through its Treasurer, James A. Diossa in his official capacity; RHODE ISLAND DEPARTMENT OF HEALTH, by and through its Interim Director Utpala Bandy, MD, MPH, in her official capacity; DAVID R. GIFFORD, M.D., MPH, individually and in his capacity as the former Director of Health of the Rhode Island Department of Health, ROBERT S. CRAUSMAN, M.D.,

individually and in his official capacity as the former Chief Administrative Officer of the Rhode Island Board of Medical Licensure and Discipline; JAMES V. MCDONALD, MD, MPH, individually and in his official capacity as Medical Director and as the Chief Administrative Officer of the Board of Medical Licensure and Discipline; and NICOLE ALEXANDER-SCOTT, MD, MPH, individually and in her official capacity as the former, Director of Health of the Rhode Island Department of Health, (hereinafter, collectively, the "State" and/or "Defendants") and hereby respond to the Plaintiff's, Dr. William Kyros, M.D. (hereinafter the "Plaintiff") Complaint.

## ANSWER

### *Parties*

1. Defendants are without sufficient information to either admit or deny the allegations asserted in Paragraph 1 of the Complaint and, on that basis, deny.

2. Admitted.

3. Admitted only that the Department of Health is an agency of the State of Rhode Island; denied as to the identification of the interim Director of the Department of Health.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted only that Dr. Alexander-Scott is an individual; denied as to her residence.

8. Paragraph 8 of the Complaint asserts a definition to which no response is necessary; to the extent Paragraph 8 asserts facts adverse to the Defendants, those facts are denied.

*Jurisdiction*

9. Paragraph 9 of the Complaint asserts a legal conclusion to which no response is necessary; to the extent Paragraph 9 asserts facts adverse to the Defendants, those facts are denied.

10. Paragraph 10 of the Complaint asserts a legal conclusion to which no response is necessary; to the extent Paragraph 10 asserts facts adverse to the Defendants, those facts are denied.

11. Paragraph 11 of the Complaint asserts a legal conclusion to which no response is necessary; to the extent Paragraph 11 asserts facts adverse to the Defendants, those facts are denied.

*Facts*

12. Admitted only to the existence of an Agreement to Cease Practice and that the Agreement speaks for itself. To the extent Paragraph 12 asserts facts beyond the scope of the Agreement or otherwise attempts to interpret the same, those facts are denied.

13. Paragraph 13 refers to and incorporates language of the Agreement appended, which speaks for itself. To the extent Paragraph 13 asserts facts beyond the scope of the Agreement or otherwise attempts to interpret the same, those facts are denied.

14. Paragraph 14 refers to requirements outlined in the Agreement appended, which speaks for itself. To the extent Paragraph 14 asserts facts beyond the scope of the Agreement or otherwise attempts to interpret the same, those facts are denied.

15. Paragraph 15 refers to correspondence from prior Counsel which speaks for itself. To the extent Paragraph 15 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

16. Paragraph 16 refers to correspondence from prior Counsel which speaks for itself. To the extent Paragraph 16 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

17. Paragraph 17 refers to deposition testimony and correspondence, unauthenticated, which speak for themselves. To the extent Paragraph 17 asserts facts beyond those documents or otherwise attempts to interpret the same, those facts are denied.

18. Paragraph 18 refers to deposition testimony and correspondence which speak for themselves. To the extent Paragraph 18 asserts facts beyond those documents or otherwise attempts to interpret the same, those facts are denied.

19. Paragraph 19 refers to correspondence from prior Counsel which speaks for itself. To the extent Paragraph 19 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

20. Denied.

21. Paragraph 21 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 21 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

22. Paragraph 22 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 22 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

23. Paragraph 23 refers to correspondence and findings that speak for themselves. To the extent Paragraph 23 asserts facts beyond the scope of those documents or otherwise attempts to interpret the same, those facts are denied.

24. Paragraph 24 asserts conclusions as to Plaintiff's state of mind to which no response can be made. To the extent Paragraph 24 asserts facts adverse to the Defendants, those facts are denied.

25. Defendants are without sufficient information to either admit or deny the allegations asserted in Paragraph 25 of the Complaint and, on that basis, deny.

26. Paragraph 26 asserts conclusions as to Plaintiff's state of mind to which no response can be made. To the extent Paragraph 26 asserts facts adverse to the Defendants, those facts are denied.

27. Admitted on as to the fact Plaintiff provided testimony. To the extent Paragraph 27 asserts facts beyond that testimony or otherwise attempts to interpret the same, those facts are denied.

28. Admitted only that Plaintiff continued to receive updated medical license on an annual basis until June 30, 2014; denied as to the remainder of the claims.

29. Paragraph 29 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 29 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

30. Admitted on as to the fact Plaintiff provided testimony. To the extent Paragraph 30 asserts facts beyond that testimony or otherwise attempts to interpret the same, those facts are denied.

31. Admitted on as to the fact Plaintiff provided testimony. To the extent Paragraph 31 asserts facts beyond that testimony or otherwise attempts to interpret the same, those facts are denied.

32. Paragraph 32 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 32 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

33. Paragraph 33 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 33 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

34. Paragraph 34 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 34 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

35. Paragraph 35 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 35 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

36. Paragraph 36 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 36 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

37. Paragraph 37 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 37 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

38. Paragraph 38 refers to correspondence, unauthenticated, that speaks for itself. To the extent Paragraph 38 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

39. Admitted only that the BMLD Licensure Committee met on August 3, 2017, and that correspondence was sent.  To the extent Paragraph 39 asserts facts beyond the hearing and correspondence or otherwise attempts to interpret the same, those facts are denied.

40. Admitted only that correspondence was sent on or about September 11, 2017, and that the correspondence speaks for itself. To the extent Paragraph 40 asserts facts beyond the correspondence or otherwise attempts to interpret the same, those facts are denied.

41. Paragraph 41 refers to correspondence, unauthenticated, that speaks for itself.  To the extent Paragraph 41 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

42. Admitted only that correspondence was sent on or about September 26, 2017, and that the correspondence speaks for itself.  To the extent Paragraph 42 asserts facts beyond the correspondence or otherwise attempts to interpret the same, those facts are denied.

43. Paragraph 43 refers to correspondence, unauthenticated, that speaks for itself.  To the extent Paragraph 43 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

44. Admitted only that correspondence was sent on or about October 10, 2017, and that the correspondence speaks for itself.  To the extent Paragraph 44 asserts facts beyond the correspondence or otherwise attempts to interpret the same, those facts are denied.

45. Paragraph 45 refers to correspondence, unauthenticated, that speaks for itself.  To the extent Paragraph 45 asserts facts beyond the scope of the correspondence or otherwise attempts to interpret the same, those facts are denied.

46. Admitted only that a Specification of Charges was sent to Plaintiff and that the document speaks for itself.  To the extent Paragraph 46 asserts facts beyond the document or otherwise attempts to interpret the same, those facts are denied.

47. Admitted.

48. Admitted only that a Decision issued, and that the Decision speaks for itself.  To the extent Paragraph 48 asserts facts beyond the Decision or otherwise attempts to interpret the same, those facts are denied.

49. Defendants are without sufficient information to either admit or deny the allegations asserted in Paragraph 49 and, on that basis, deny.

50. Admitted.

51. Admitted.

52. Paragraph 52 relies on a decision of the Superior Court that speaks for itself.  To the extent Paragraph 52 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

53. Paragraph 53 relies on a decision of the Superior Court that speaks for itself.  To the extent Paragraph 53 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

54. Paragraph 54 relies on a decision of the Superior Court that speaks for itself.  To the extent Paragraph 54 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

55. Paragraph 55 relies on a decision of the Superior Court that speaks for itself.  To the extent Paragraph 55 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

56. Paragraph 56 relies on a decision of the Superior Court that speaks for itself. To the extent Paragraph 56 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

57. Paragraph 57 relies on a decision of the Superior Court that speaks for itself. To the extent Paragraph 57 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

58. Paragraph 58 relies on a decision of the Superior Court that speaks for itself. To the extent Paragraph 58 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

59. Admitted only that an appeal of the decision of the Superior Court was taken and that the appeal, statements, and briefs speak for themselves.

60. Paragraph 60 relies on a decision of the Rhode Island Supreme Court that speaks for itself. To the extent Paragraph 60 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

61. Paragraph 61 relies on a decision of the Rhode Island Supreme Court that speaks for itself. To the extent Paragraph 61 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

62. Paragraph 62 relies on a decision of the Rhode Island Supreme Court that speaks for itself. To the extent Paragraph 62 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT I

*§1983 – Procedural Due Process – Fourteenth Amendment of the United States Constitution*

68. Defendants repeat and incorporate by reference responses to Paragraphs 1 through 67 as if set forth fully herein.

69. Paragraph 69 asserts a legal conclusion to which no response is necessary. To the extent Paragraph 86 asserts facts adverse to the Defendants, those facts are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Paragraph 77 refers to the decision of the Board, which speaks for itself. To the extent Paragraph 77 asserts facts beyond the scope of that decision or otherwise attempts to interpret the same, those facts are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

**WHEREFORE**, Defendants respectfully request an Order of this Court denying the relief sought by Plaintiff in Count I of the Complaint and enter judgment in favor of the Defendants.

## COUNT II

*§1983 – Substantive Due Process – Fourteenth Amendment of the United States Constitution*

82. Defendants repeat and incorporate by reference responses to Paragraphs 1 through 83 as if set forth fully herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Paragraph 88 refers to the decisions of the Rhode Island Superior and Supreme Courts, which speak for themselves. To the extent Paragraph 88 asserts facts beyond the scope of those decisions or otherwise attempts to interpret the same, those facts are denied.

89. Denied.

**WHEREFORE**, Defendants respectfully request an Order of this Court denying the relief sought by Plaintiff in Count II of the Complaint and enter judgment in favor of the Defendants.

## COUNT III

*Americans with Disabilities Act – 42 U.S.C. §§12132 - 12133*

90. Defendants repeat and incorporate by reference responses to Paragraphs 1 through 89 as if set forth fully herein.

91. Defendants are without sufficient information to either admit or deny the allegations asserted in Paragraph 91 of the Complaint and, on that basis, deny.

92. Paragraph 92 relies on a report that speaks for itself. To the extent Paragraph 92 alleges facts beyond the scope of that report, or otherwise attempts to interpret the same, those facts are denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**WHEREFORE**, Defendants respectfully request an Order of this Court denying the relief sought by Plaintiff in Count III of the Complaint and enter judgment in favor of the Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the allegations asserted in Plaintiff's Complaint.

1. The Complaint fails to state a claim, equitable or legal, upon which relief may be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff's claims are barred by the Public Duty Doctrine.

4. Defendants assert insufficiency of process.

5. Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities which inure to said sovereign status.

6. Defendant asserts any and all applicable defenses relating to the doctrine of discretionary immunity.

7. Defendants assert they, each officially and individually, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

8. Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

9. Plaintiff's claims are barred by the Eleventh Amendment.

10. Plaintiff caused and/or contributed to the alleged injuries or damages complained of.

11. Plaintiff failed to mitigate damages.

12. To the extent a contract between Plaintiff and Defendants existed, Plaintiff failed to perform under that contract.

13. To the extent Defendants not otherwise immune from liability, which is expressly denied, the monetary limitation on damages set forth in Rhode Island General Laws § 9-31-1 et seq., applies to this action.

14. Defendants are statutorily immune from damages.

15. Defendants reserve the right to assert such other and further defenses not specifically asserted herein.

DEFENDANTS,

**STATE OF RHODE ISLAND**, *by and through its Treasurer, James A. Diossa in his official capacity*; **RHODE ISLAND DEPARTMENT OF HEALTH**, *by and through its Interim Director Utpala Bandy, MD, MPH, in her official capacity*; **DAVID R. GIFFORD, M.D., MPH**, *individually and in his capacity as the former Director of Health of the Rhode Island Department of Health*, **ROBERT S. CRAUSMAN, M.D.**, *individually and in his official capacity as the former Chief Administrative Officer of the Rhode Island Board of Medical Licensure and Discipline*; **JAMES V. MCDONALD, MD, MPH**, *individually and in his official capacity as Medical Director and as the Chief Administrative Officer of the Board of Medical Licensure and Discipline*; **NICOLE ALEXANDER-SCOTT, MD, MPH**, *individually and in her official capacity as the former, Director of Health of the Rhode Island Department of Health*,

By,

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Matthew I Shaw*
_____
Matthew I. Shaw, Bar No. 7325
Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
Tel: (401) 274-4400, Ext. 2226
Fax: (401) 222-3016
mshaw@riag.ri.gov

## **CERTIFICATION**

      I, the undersigned, hereby certify that the within document has been electronically filed with the Court through the ECF system on June 18, 2024, and that it is available for viewing and downloading by counsel of record.

                                                  */s/ Matthew I. Shaw*